E. Craig Smay #2985
174 E. South Temple
Salt Lake City, Utah 84111
ecslawyer@aol.com, cari@smaylaw.com
Telephone Number (801) 539-8515
Fax Number (801) 539-8544

John Christian Barlow
40 N 300 E #101
St. George UT 84771
jcb@JohnChristianBarlow.com
435-634-1200

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JEREMY COLEMAN, DWAYNE WATSON, SAMUEL ADAMSON, ETHNA LYNCH,<br><br>Plaintiffs,<br><br>vs.<br><br>RECONTRUST COMPANY, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A. AS SUCCESSOR TO COUNTRYWIDE HOME LOANS, INC., BAC HOME LOAN SERVICING LP, HSBC BANK USA, N.A., WELLS FARGO BANK, N.A., U.S. BANK N.A., BANK OF NEW YORK MELLON, KEYBANK, N.A. and Does 1-10,<br><br>Defendants. | **CLASS ACTION**<br><br>COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, UTAH PATTERN OF UNLAWFUL AUTHORITY ACT<br><br>**JURY DEMANDED**<br><br>Case No. 2:10-cv-02099-TC<br><br>Judge Tena Campbell |

Plaintiffs Jeremy Coleman, Dwayne Watson, Samuel Adamson, and Ethna Lynch, individually and on behalf of others Similarly Situated (“Plaintiffs”) bring this action under the Fair

Debt Collection Practices Act ("FDCPA"), 15 USC §§ 1692-1692p, and Utah state law, including, without limitation, §§ 76-10-1602, 76-10-1603, and 76-10-1605(1), (2), UCA (1953), and allege as follows:

**JURISDICTION**

1. Jurisdiction of this action is conferred upon this Court by Section 813(d) of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692k(d)). This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331), in light of diversity of citizenship of the parties (28 USC § 1332), and supplemental jurisdiction under 28 U.S.C. § 1367. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. This action is not collusive so as to confer jurisdiction on a Court of the United States that would not otherwise have jurisdiction. Venue is proper in the District of Utah under 28 USC §1391(a), (b).

**PARTIES**

2. Plaintiff Jeremy Coleman is an adult individual, competent to bring this action, a citizen of the State of Utah, and a resident of Tooele County within the State of Utah. Plaintiff Dwayne Watson is an adult individual, competent to bring this action, a citizen of the State of Utah, and resident of Salt Lake County within the State of Utah. Plaintiff Samuel Adamson is an adult individual, competent to bring this action, a citizen of the State of Utah, and resident of Washington County within the State of Utah. Plaintiff Ethna Lynch is an adult individual, competent to bring this action, a citizen of the State of Utah, and resident of Washington County within the State of Utah.

3. Plaintiffs are informed and believe, and thereon allege, that defendant Bank of America

was at all times relevant hereto and is a National Banking Association organized under the laws of the State of North Carolina, and conducting business within the District of Utah.

4. Plaintiffs are informed and believe, and thereon allege, that defendant ReconTrust Company, NA was at all times relevant hereto and is a National Banking Association organized under the laws of the State of Texas, and conducting business within the District of Utah.

5. Defendant Mortgage Electronic Registration Systems, Inc., was at all times relevant hereto and is a corporation organized under the laws of the State of Delaware, and conducting business within the District of Utah.

6. Defendant Bank of America, N.A. as Successor to Countrywide Loans, Inc., was at all times relevant hereto and is a National Banking Association organized under the laws of the State of North Carolina, and conducting business within the District of Utah.

7. Defendant BAC Home Loan Servicing LP, was at all times relevant hereto and is a division of Bank of America N.A. which is a National Banking Association organized under the laws of the State of Texas, and conducting business within the District of Utah.

8. Defendant HSBC Bank USA, N.A., was at all times relevant hereto and is a National Banking Association organized under the laws of the State of Delaware, and conducting business within the District of Utah.

9. Defendant Wells Fargo Bank, N.A., was at all times relevant hereto and is a National Banking Association organized under the laws of the State of South Dakota, and conducting business within the District of Utah.

10. Defendant U.S. Bank, N.A., was at all times relevant hereto and is a National Banking Association organized under the laws of the State of Minnesota, and conducting business within the District of Utah.

11. Defendant Bank of New York Mellon was at all times relevant hereto and is a state chartered bank organized under the laws of the State of New York, and conducting business within the District of Utah.

12. Defendant Keybank, N.A., was at all times relevant hereto and is a National Banking Association organized under the laws of the State of Ohio, and conducting business within the District of Utah.

13. Plaintiffs are informed and believe, and thereon allege, that defendant ReconTrust is a wholly-owned subsidiary of Bank of America N.A., organized and existing under the laws of the State of Texas having its principle place of business in the State of California. Defendant ReconTrust, on behalf of defendants Bank of America, Mortgage Electronic Registration Systems ("MERS"), and the other defendants, regularly conducts foreclosures of trust deeds on properties in Utah.

14. Plaintiff Jeremy Coleman was the owner of the property at 378 East 1720 North, Tooele, Tooele County, Utah, subjected to illegal foreclosure by defendants on or about November 13, 2009.

15. Plaintiff Dwayne Watson was the owner of the property at 9688 South Granite Woods Circle, Sandy, Salt Lake County, Utah, subjected to illegal foreclosure by defendants on or about October 1, 2009.

16. Plaintiff Samuel Adamson was the owner of the property at 70 West Orchard Lane,

Washington, Washington County, Utah, subjected to illegal foreclosure by defendants on or about June 25, 2009. Such foreclosure was completed on or about April 5, 2010 by the issuance of an illegal trustee's deed by defendant BAC Home Loan Servicing. Plaintiff was there upon dispossessed of the subject realty.

17. Plaintiff Ethna Lynch was the owner of the property at 3155 S. Hidden Valley Drive, #213, St. George, Washington County, Utah, subjected to illegal foreclosure by defendants on or about May 17, 2010. Such foreclosure was completed on or about September 28, 2010, by the issuance of an illegal trustee's deed by defendant BAC Home Loan Servicing. Plaintiff was there upon dispossessed of the subject realty.

18. ReconTrust, acting for and on behalf of Bank of America, and the other defendants, in violation of §§ 57-1-20, et seq. UCA (1953), has instituted and pursued non-judicial foreclosures of Utah trust deeds against the properties of plaintiffs above described, and dispossessed plaintiffs as therein alleged, imposing deficiency judgments upon plaintiffs in completed foreclosures, with knowledge that it lacked authority to do so, and has imposed similar illegal foreclosures upon thousands of residents of Utah similarly situated. Defendants continue to prosecute such foreclosures against citizens of Utah.

19. Defendants' wrongful acts, as hereinbelow alleged in greater detail, took place within the District of Utah.

**CLASS ALLEGATIONS**

20. This action is brought under Rule 23, FRCP, and 28 U.S.C. §§ 1711 et seq, 1331 and 1332 on behalf of Plaintiffs and others similarly situated who are described as follows:

a. FDCPA claims: All persons formerly or presently subjected to non-judicial

        foreclosure proceedings of Utah trust deeds by ReconTrust on behalf of Bank of America, and the other defendants, for the purpose of collecting a debt within the provisions of 15 USC §§ 1692a, 1692d, 1692e and 1692f.

    b.    Utah claims:  All persons formerly or presently subjected to non-judicial foreclosure proceedings of Utah trust deeds by ReconTrust on behalf of Bank of America, and the other defendants, constituting a pattern of unlawful conduct by each of said defendants within the provisions of §§ 76-10-1602(4), and 76-10-1603, UCA (1953), and subject to Utah common law relating to wrongful foreclosure and intentional infliction of emotional distress.

21.    Plaintiffs are members of the FDCPA Class and the Utah Class, and like the other members were, respectively, foreclosed upon and some times dispossessed of their homes by defendants acting without authority and in violation of law.  Plaintiffs are located in the State of Utah.

22.    Plaintiffs are unable to state the exact number of the FDCPA Class or the Utah Class members without discovery of Defendants' records.  Plaintiffs are informed and believe, and thereon allege, that the FDCPA Class and the Utah Class each exceed 500 members.  The members of each class are so numerous as to make joinder impracticable.

23.    There are questions of law or fact common to each class.  For example, the rights that are the subject of this litigation are held in common by each class' members.  The Plaintiffs within the FDCPA Class and the Utah Class have each been foreclosed upon and some times dispossessed from their homes by defendants acting through an entity, ReconTrust, which lacks authority to foreclose non-judicially because it lacks the power of sale under

Utah law (§57-1-21(3), UCA (1953)), by repeated devices and practices in violation of the FDCPA and the Utah Pattern of Unlawful Activity Act (§ 76-10-1601, et seq., UCA (1953)), including at least the following:

a. initiation of foreclosure to coerce payment of the debt (15 USC § 1692d (4));

b. threats to take action that cannot legally be taken (15 USC § 1692e (5));

c. false representations that documents filed are legal process (15 USC § 1692e (13));

d. threatening and taking nonjudicial action to effect dispossession (15 USC § 1692f (6));

e. "securities fraud" under Title 63, Chapter 1, Utah Uniform Securities Act;

f. "theft" under Section 76-6-404, UCA (1953);

g. "defrauding creditors" under § 76-6-511, UCA (1953);

h. "unlawful dealing with property by a fiduciary" under § 76-6-513, UCA (1953);

i. "communications fraud" under § 76-10-1801, UCA (1953);

j. acts unlawful under Title 18, Section 1961(1)(B), (C), and (D) United States Code (18 USC §§ 1341, 1343, 1344); and

k. investment of the proceeds of the foregoing in an enterprise (§§ 76-10-1602 (1), 76-10-1603, UCA (1953)).

24. The named Plaintiffs will fairly and adequately protect the interests of each Class. Counsel who are competent and experienced in complex civil litigation represent each class.

25. Pursuant to 29 U.S.C. § 216(b), the named Plaintiffs hereby submit, as Exhibit 1 hereto, their written consents to serve as the named Plaintiffs.

26. The claims of the named Plaintiffs are typical of the claims of each class.

27. The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual class members, which could establish incompatible standards of conduct for Defendants. Consequently, class certification is proper under FRCP, rule 23(b)(1)(A).

28. Plaintiffs are informed and believe, and thereon allege, that Defendants, in threatening and conducting illegal foreclosures in the cases of the individual plaintiffs, and throughout the State of Utah, have acted or refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class certification is proper under FRCP, rule 23(b)(2) and 29 U.S.C. § 216(b).

29. The common questions of law or fact predominate over any questions affecting individual class members only. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under FRCP, rule 23(b)(3) and 29 U.S.C. § 216(b).

30. Plaintiffs know of no difficulty that should be encountered in the management of this litigation that would preclude its maintenance as a class action.

**FACTUAL ALLEGATIONS**

**Summary**

31. Defendant Bank of America, and the other defendants, have regularly employed defendant ReconTrust, a national banking association whose powers are limited to performing as a trust company only, and regularly employ ReconTrust, to foreclose, as trustee with power of sale, trust deeds on Utah realty. Such foreclosures are commonly conducted non-judicially, and include use of the mails, wire, and other filing of notices of default and sale

as legal process, as well as the issuance of trustee's deeds. Such foreclosures result in the dispossession of debtors, and the assertion against them of debts for the deficiency between amounts assertedly owed and sale prices. Such foreclosures are without authority and illegal because § 57-1-21(3), UCA (1953) limits the power of sale to Utah lawyers and title companies, denying it to trust companies. There have been initiated, and are presently pending, in Utah, at least 500 such sales.

**FIRST CLAIM BY FDCPA CLASS**

32. Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 29 of this Complaint.

33. At all relevant times hereto, defendants have been, and are, debt collectors as that term is defined in 15 U.S.C. § 1692a(6). At all relevant times, plaintiffs were and are consumers owing debts as defined by 15 U.S.C. § 1692a(3) and (5).

34. At all relevant times, defendant Bank of America, and the other defendants, have employed defendant ReconTrust to conduct non-judicial foreclosure proceedings of Utah properties, under § 57-1-20, et seq., UCA (1953), pursuant to deeds of trust entered into and governed by Utah law. Because ReconTrust lacks power of sale under Utah law as a trustee of trust deeds, its actions are not excluded from the definition of "debt collection" by any provision of 15 U.S.C. § 1692a(6)(F), and are within the provisions of 15 U.S.C. § 1692f(6).

35. Such foreclosures regularly employ instrumentalities or the mails, wire, or other interstate communication in the collection of installment payments, sending and recording of notices, and communications with debtors such as plaintiffs. Defendants do not maintain offices in Utah, but employ persons located in Utah in interstate commerce.

36. As trustee of Utah trust deeds, defendant ReconTrust acts in a fiduciary capacity with respect to both the trustees and beneficiaries of such trust deeds.

37. Such foreclosures under Utah law include:

a. advertising of plaintiffs' property for sale in order to coerce payment of debts;

b. the threat to take action, to wit, sale of the properties, which defendant ReconTrust may not legally take;

c. representations that notices of default and sale, and trustee's deeds issued by ReconTrust constitute legal process;

d. the use of false representations and deceptive means to collect debts, insofar as such notices and deeds issued by ReconTrust are of no legal force or effect; and

e. taking and threatening to take non-judicial action to effect dispossession or disablement of property by one having no present power to dispose of such property.

38. Plaintiffs are informed and believe, and thereon allege, that defendants, unless restrained, will continue to violate the limitations upon their legal authority to foreclose properties in Utah. Plaintiffs therefore request that defendants be enjoined from so doing, and that plaintiffs be awarded their damages, costs and fees incurred in suffering or resisting such foreclosures, pursuant to 15 U.S.C. § 1692k.

Wherefore, Plaintiffs pray for a judgment and decree as hereinafter set forth.

**SECOND CLAIM BY UTAH CLASS FOR VIOLATION OF UTAH PATTERN OF UNLAWFUL ACTIVITY ACT**

39. Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 38 of this Complaint.

40. As hereinabove alleged, defendants are enterprises within the meaning of § 76-10-1602(1), UCA (1953).

41. Defendant ReconTrust acts as a fiduciary for plaintiffs within the meaning of § 76-10-1602(4)(gg), in unlawfully conducting non-judicial foreclosure sales of plaintiffs' property.

42. The practice of foreclosing Utah properties by defendants has been repeated hundreds of times, and constitutes a pattern of unlawful activity within § 76-10-1603, UCA (1953), in violation of § 76-10-1602(4)(h), (u), (ee), (gg), (cccc) and (ffff).

43. Plaintiffs have been damaged by such behavior in the loss of properties and the imposition of deficiency judgments, the threat thereof, and in responding to such unauthorized proceedings. Plaintiffs have incurred legal fees and costs herein. Such losses and costs are recoverable under § 76-10-1605, UCA (1953).

Wherefore, Plaintiffs pray for judgment as hereinafter set forth.

**THIRD CLAIM UTAH CLASS FOR WRONGFUL FORECLOSURE**

44. Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 43 of this Complaint.

45. Defendants, with knowledge that such proceedings were beyond the authority of defendant ReconTrust, chose to institute and carry out non-judicial foreclosures rather than foreclosing the subject trust deeds as mortgages.

46. In so doing, defendants failed and refused to disclose to borrowers the statutory limitations upon the authority of ReconTrust.

47. Such foreclosures violated the terms of the subject trust deeds and compromised the rights of plaintiffs thereunder, to their damage.

48. Plaintiffs are entitled to have such completed foreclosures declared void, or to damages in amounts to be shown herein.

**FOURTH CLAIM UTAH CLASS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

49. Plaintiffs hereby incorporate by reference as though fully set forth at length herein paragraphs 1 - 48 of this Complaint.

50. Defendants have engaged in the conduct hereinabove described knowing and intending that such conduct was unlawful and would cause plaintiffs such losses, including dispossession from their homes, and the severe emotional distress predictable as a result of such conduct.

51. Plaintiffs have in fact been subjected to severe emotional distress as a result of such conduct by defendants, and continue to be subjected to such distress, in amounts to be shown at trial.

52. Plaintiffs are informed and believe, and thereon allege, that, unless restrained, defendants will continue to violate the rights of the plaintiffs to their irreparable injury. Plaintiffs therefore request injunctive relief stopping further such conduct, together with appropriate damages.

Wherefore, Plaintiffs pray for judgment and a decree as hereinafter set forth.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs seek relief from this Court in the following respects:

1. The Court declare, adjudge and decree that this action is a proper class action and

certify the FDCPA Class and the Utah Class.

2. The Court declare, adjudge and decree that defendants violated the FDCPA as hereinabove set forth.

3. The Court declare, adjudge and decree that defendants violated the Utah Pattern of Unlawful Activity Act as hereinabove set forth.

4. The Court declare, adjudge and decree that defendant ReconTrust lacks authority to conduct non-judicial foreclosures in Utah, and that the other defendants may not employ ReconTrust to do so.

5. The Court decree such other injunctive relief and/or enter such other orders as are necessary to dissipate or relieve the effects of the aforesaid violations and illegal acts by defendants.

6. Damages pursuant to 15 U.S.C. § 1692k(a) and § 76-10-1605, UCA (1953).

7. Reasonable attorneys fees and costs of suit pursuant to 15 U.S.C § 1692k(a)(3) and § 76-10-1605(2), UCA (1953).

8. Damages for wrongful foreclosure.

9. Damages for intentional infliction of emotional distress, together with appropriate costs and attorney's fees.

10. Pre-judgment and post-judgment interest as provided by law.

11. Such other relief as the Court deems just and proper.

Dated: November 4, 2010.

       /s/ E. Craig Smay
E. CRAIG SMAY

/s/ John Christian Barlow
JOHN CHRISTIAN BARLOW

Attorneys for Plaintiffs

**Plaintiffs hereby demand trial by the jury.**

Dated: November 4, 2010.

/s/ E. Craig Smay
E. CRAIG SMAY

/s/ John Christian Barlow
JOHN CHRISTIAN BARLOW

Attorneys for Plaintiffs