IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEREMY COLEMAN, DWAYNE WATSON, SAMUEL ADAMSON, ETHNA LYNCH, <br><br>        Plaintiffs, <br><br><br><br><br>                vs. <br><br><br> RECONTRUST COMPANY N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BANK OF AMERICA, N.A. AS SUCCESSOR TO COUNTRYWIDE SERVICING LP, HSBC BANK USA, N.A., WELLS FARGO BANK N.A., U.S. BANK N.A., BANK OF NEW YORK MELLON, KEYBANK N.A. AND DOES 1-10, <br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR CERTIFICATION OF CLASS <br><br><br><br><br><br> Case No. 2:10-CV-1099 <br><br> Judge Dee Benson |

This matter is before the court on Plaintiffs' Motion to Certify Class.  (Dkt. No. 72.)  A

hearing on the motion was held on February 3, 2012.  At the hearing, plaintiffs were represented

by E. Craig Smay and John Christian Barlow.  Defendants were represented by Bryan Fratkin

and Philip D. Dracht.  Before the hearing, the court considered carefully the memoranda and

other materials submitted by the parties.  Since taking the matter under advisement, the court has

further considered the law and facts relating to the motion.  Now being fully advised, the court

renders the following Memorandum Decision and Order.[1]

## BACKGROUND

Plaintiffs filed this lawsuit in an attempt to void or avoid foreclosure upon their

respective properties.  In the Amended Complaint, plaintiffs allege that ReconTrust, acting for

various defendants, conducted wrongful foreclosures, resulting in the violation of both criminal

and civil provisions of the United States Code and the Utah Code, and causing damages and

severe emotional distress to plaintiffs.  More specifically, plaintiffs allege claims for violations

of the Fair Debt Collection Practices Act, violations of the Utah Pattern of Unlawful Activity

Act, Wrongful Foreclosure, and Intentional Infliction of Emotional Distress.  Plaintiffs do not

allege that they were not in default or that the non-judicial foreclosure procedures prescribed by

the state of Utah were not followed.  Rather, plaintiffs' claims stem generally from the theory

that ReconTrust does not have authority to foreclose in Utah.

On July 21, 2011, plaintiffs filed the instant motion seeking certification of the class

described in the Amended Complaint, and for approval of counsel pursuant to Rule 23 of the

Federal Rules of Civil Procedure.  (Dkt. No. 72.)  The plaintiffs' proposed class includes the

---

[1]The court also has before it the Defendants' Motion to Strike Plaintiffs' Reply to Motion
for Certification of Class or, Alternatively, For Leave To File Surreply.  (Dkt. No. 96.)  Having
considered this motion, the court DENIES defendants' motion to strike plaintiffs' reply and, in
the alternative, GRANTS defendants leave to file the surreply that was attached to the motion.

following:

> All persons formerly or presently subjected to non-judicial foreclosure proceedings of Utah trust deeds by ReconTrust on behalf of Bank of America, and the other defendants, constituting a pattern of unlawful conduct by each of said defendants within the provisions of § § 76-1-01602(4), and 76-10-1603, UCA(1953), and subject to Utah common law relating to wrongful foreclosure and intentional infliction of emotional distress, asserting claims for damages arising from foreclosure by defendants acting through an entity, ReconTrust, which lacks authority to foreclose non-judicially because it lacks the power of sale under Utah law (§ 57-1-21(3), UCA (1953)), by repeated devices and practices in violation of the FDCPA and the Utah Pattern of Unlawful Activity Act (§ 76-10-1601, et seq., UCA (1953)), including at least the following:
> a.  initiation of foreclosure to coerce payment of the debt (15 USC § 1692d(4));
> b. threats to take action that cannot legally be taken (15 USC § 1692e(5));
> c. false representations that documents filed are legal process (15 USC § 1692e(13));
> d. threatening and taking nonjudicial action to effect dispossession (15 USC § 1692f(6));
> e. "securities fraud" under Title 63, Chapter 1, Utah Uniform Securities Act;
> f. "theft" under Section 76-6-404, UCA (1953);
> g. "defrauding creditors" under § 76-6-511 (UCA (1953);
> h. "unlawful dealing with property by a fiduciary" under § 76-6-513, UCA (1953);
> i.  "communications fraud" under § 76-10-1801, UCA (1953);
> j.  acts unlawful under Title 18, Section 1961(1)(B), (C), and (D) United States Code (18 USC §§ 1341, 1343, 1344); and
> k. investment of the proceeds of the foregoing in an enterprise (§§ 76-10-1602 (1), 76-10-1603, UCA (1953)).

(Dkt. No. 72, Pls.' Mot. to Certify Class at 2.)

## LEGAL STANDARDS & DISCUSSION

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2550 (2011). The underlying purpose of the class action mechanism is to foster judicial economy and efficiency, "to save[] the resources of both the courts and the parties." Gen. Tel. Co. v. Falcon, 457 U.S. 147, 155 (1982).

The standards for certifying a class action are set forth in Rule 23 of the Federal Rules of

Civil Procedure.  In deciding whether the proposed class meets these requirements, the court

must perform a "rigorous analysis."  Gen.Tel. Co. v. Falcon, 457 U.S. at 155.  The court "must

accept the substantive allegations of the complaint as true," though it "'need not blindly rely on

conclusory allegations of the complaint which parrot Rule 23,' and 'may consider the legal and

factual issues presented by plaintiff's complaints.'"  Id. (quoting J.B. ex rel. Hart v. Valdez, 186

F.3d 1280, 1290 n.7 (10th Cir. 1999)).  Recently, the United States Supreme Court made clear

that "Rule 23 does not set forth a mere pleading standard.  A party seeking class certification

must affirmatively demonstrate his compliance with the Rule."  Wal-Mart Stores, Inc. v. Dukes,

131 S. Ct. 2541, 2551 (2011).

> Rule 23(a) of the Federal Rules of Civil Procedure expressly provides:
>
> One or more members of a class may sue or be sued as representative parties on behalf of
> all members only if: (1) the class is so numerous that joinder of all members is
> impractical; (2) there are questions of law or fact common to the class; (3) the claims or
> defenses of the representative parties are typical of claims or defenses of the class, and
> (4) the represented parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).  These requirements are often referred to as numerosity, commonality,

typicality, and adequacy.  See Gen. Tel. Co, 457 U.S. at 156.  "A party seeking class certification

must show 'under a strict burden of proof' that all four requirements are clearly met."  Trevizo v.

Adams, 455 F.3d 1155, 1162 (10th Cir. 2006) (quoting Reed v. Bowen, 849 F.2d 1307, 1309

(10th Cir. 1988)).  If plaintiffs are able to satisfy all four elements of Rule 23(a), they must then

demonstrate that the proposed class meets the requirements of one of the subsections of Rule

23(b).  Shook v. El Paso County, 386 F.3d 963, 968 (10th Cir. 2004).

   1.      **Rule 23(a)**

As explained above, the court must first determine whether the party seeking class certification has demonstrated that it meets each of the four requirements of Rule 23(a).  Wal-Mart Stores, 131 S. Ct. at 2548.  Having reviewed the materials submitted by the parties, the court concludes that plaintiffs have failed to satisfy their burden under Rule 23(a).

### a.  Numerosity

Numerosity requires that the class be "so numerous that joinder of all members is impracticable."  Fed.R.Civ.P. 23(a)(1).  To satisfy this requirement, plaintiffs must present "some evidence of established, ascertainable numbers constituting the class in order to satisfy even the most liberal interpretation of the numerosity requirement."  Rex v. Owens, 585 F.2d 432, 436 (10th Cir. 1978).  In this case, plaintiffs have offered no evidence from which the court can infer the size of the potential class.

Although plaintiffs have attempted to remedy this deficiency, both in their Reply and again at oral argument by referencing records of the Salt Lake County Recorder "showing thousands of foreclosures initiated by ... ReconTrust in a short period in one county in Utah," (Dkt. No. 88, Pls.' Reply at 2), plaintiffs' alleged "evidence" is unavailing.  The records relied upon by plaintiffs to support numerosity consist of two one-page abstracts from the County Recorders Office.  These records were initially submitted to the court in connection with plaintiffs' opposition to the motions to dismiss of U.S. Bank and Key Bank, and were intended to show that those parties, now dismissed, were proper defendants. (Dkt. No. 86.)  The court fails to understand how, given the plaintiffs' lengthy and complex class definition, these documents tend to show any ascertainable numbers that would establish a sufficiently numerous class.

Accordingly, the court finds that plaintiffs have not met their burden to show numerosity.

### b. Commonality

Commonality requires a plaintiff to demonstrate that "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2).  The United States Supreme Court recently explained that the common issue cannot be any issue; it "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Wal-Mart Stores, 131 S. Ct. at 2551.  Moreover, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," not merely an injury from violation of the same provision of law.  Id.

Applying these principles to this case, the court finds that plaintiffs have failed to identify any such common issue.  The Amended Complaint simply alleges in conclusory fashion that "the rights that are the subject of this litigation are held in common by each class' members." (Am. Compl. ¶ 23.)  In addition to this general statement, plaintiffs only other attempt to identify a common issue involves the authority of ReconTrust to foreclose non-judicially in Utah. However, even if ReconTrust's authority to conduct non-judicial foreclosure is a common issue of law, it appears to be the *only* common issue and all other issues are highly individualized.  For example, even if this court were to hold as a matter of law that ReconTrust does not and never had the authority to conduct non-judicial foreclosure in the State of Utah, the trial of this case would still consist of individualized proof, class member by class member, mortgage by mortgage, because the facts of any one foreclosure prove nothing about any other.  Accordingly,

6

the court finds that plaintiffs have failed to establish the requirement of commonality.

### c.  Typicality

Typicality requires a plaintiff to establish that "the claims or defenses of the representative parties are typical of claims or defenses of the class." Fed.R.Civ.P. 23(a)(3).  "The question of typicality ... is closely related to the preceding question of commonality." Ditty v. Check Rite, Ltd, 182 F.R.D. 639, 642 (D. Utah 1998) (citations omitted).  These requirements are "guideposts for determining whether the class action is economic and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Gen. Tel. Co., 457 U.S. at 158 n.13.   The essence of the typicality requirement is "as goes the claim of the named plaintiff, so go the claims of the class." See, e.g., Deiter v. Microsoft Corp., 436 F.3d 461, 466-67 (4th Cir. 2006) ("[P]laintiff's claim cannot be so different from the claims of absent class members that their claims will not be advanced by plaintiff's proof of his own individual claim.").

In this case, plaintiffs have not pled any facts nor have they provided any affirmative evidence to show that their claims are typical and thus dispositive of the claims of the proposed class.  Rather, each plaintiff pleads, in conclusory fashion, that his or her property was "subject to illegal foreclosure" by one of the defendants.  (Am. Compl. ¶¶ 14-17.)  Moreover, at least two of the plaintiffs – Watson and Coleman – quitclaimed their interest in their respective properties to Commonwealth Property Advocates ("CPA"), a non-party.  As a result, these plaintiffs face unique, individualized defenses (such as lack of standing) that render them atypical of the proposed class.

### d. Adequacy

The adequacy requirement will be satisfied if "the represented parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Two factors are important in determining whether the named plaintiffs provide fair and adequate protection for the interest of the class: (1) the class attorney's qualifications, experience and ability to conduct the litigation and (2) whether the named plaintiffs have interests antagonistic to those of the class. Ditty v. Check Rite, Ltd, 182 F.R.D. 639, 642 (D. Utah 1998).

First, the class attorneys' qualifications, experience, and their ability to conduct the litigation must be adequate. Inadequate representation by counsel is sufficient in itself to justify denial of class certification. See, e.g., Gomez v. St. Vincent Health Inc., 649 F.3d 583, 587 (7th Cir. 2011). Here, in support of plaintiffs' motion for class certification, plaintiffs' counsel has provided the court with only conclusory allegations contained in the Amended Complaint. Additionally, although the Supreme Court has explicitly instructed that plaintiffs are required to "affirmatively demonstrate ... compliance with [Rule 23]," Wal-Mart Stores, 131 S. Ct. at 2551, the plaintiffs' memorandum in support of the motion to certify class is only seven sentences long, with no supporting evidence and no citation to any legal precedent. Counsels' failure to provide any evidentiary or legal support for its motion for class certification suggests that the adequacy requirement has not been met.

Second, plaintiffs have failed to demonstrate they would be adequate class representatives. As explained above, plaintiffs Watson and Coleman have each quitclaimed their property interests to CPA. Accordingly, these plaintiffs face unique issues with regard to standing which

8

calls into question their adequacy as class representatives.   See e.g., J.H. Cohn & Co. v. Am.

Appraisal Assocs., 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable

defense peculiar to the named plaintiff . . . may destroy the required typical[ity] of the class as

well as the adequacy of the named representative.").

> ## 2.    Rule 23(b)

Moreover, even assuming that plaintiffs met the requirements of Rule 23(a), they have

nonetheless failed to demonstrate that the proposed class meets the requirements of one of the

subsections of Rule 23(b).   Shook v. El Paso County, 386 F.3d 963, 968 (10th Cir. 2004).

Plaintiffs in this case seek class certification under subsections (1), (2) and (3) of Rule 23(b).

Because plaintiffs' Amended Complaint plainly seeks money damages, however, the court finds

that certification under 23(b)(1) and (b)(2) would be inappropriate.   See Wal-Mart Stores, 131 S.

Ct. at 2558 ("[I]ndividualized monetary claims belong in Rule 23(b)(3).").   Accordingly, the court

considers only the requirements of 23(b)(3).

To qualify for class certification under rule 23(b)(3), a class must satisfy the following

two conditions in addition to the Rule 23(a) prerequisites: (1) common questions must

"predominate over any questions affecting only individual members;" and (2) class resolution

must be "superior to other available methods for the fair and efficient adjudication of the

controversy."   Fed.R.Civ.P. 23(b)(3).

> ### a.  Common Issues Do Not Predominate Over Individualized Issues

In evaluating whether common issues predominate, the operative question is whether a

putative class is "sufficiently cohesive" to merit representative adjudication.   Amchem Prods.,

Inc. v. Windsor, 521 U.S. 591, 623 (1997).  Plaintiffs' claims are for violation of the Fair Debt

Collection Practices Act, wrongful foreclosure, violation of the Utah Pattern of Unlawful Activity

Act based on allegedly wrongful foreclosures, and emotional distress.  (Am. Compl. ¶¶ 32-48.)

Plaintiffs in this case have failed to demonstrate there is a common issue that would

predominate over the individualized issues.  As set forth above, in order to prove their claims,

each individual class member would be required to show the following: the terms of his subject

trust deed; that he was entitled to possess his property or that his property was exempt from

disposition; that he has not quit-claimed his interest; that the defendants threatened to foreclose

on the property; the amount of legal fees and costs incurred in resisting the foreclosure; and that

the defendants acted as debt collectors.  These individualized factual determinations would

require individual hearings for each class member.  Moreover, plaintiffs in this case have also

asserted a claim for intentional infliction of emotional distress.  Numerous courts have concluded

that such claims require individual determination.  See, e.g., Madison v. Chalmette Ref., LLC,

637 F.3d 551, 553 (5th Cir. 2011) (finding individual issues predominated where plaintiffs

asserted claims for a variety of damages including emotional distress); Scott v. Family Dollar

Stores, Inc., 2010 WL 143725, at *3 (W.D.N.C. Jan. 7, 2010) (providing that claims for infliction

of emotional distress "require[] individual determinations").

### b.  Class Resolution is Not Superior to Alternatives

In addition to showing that common issues predominate, plaintiffs must also show that the

class action is superior to other means of resolving the controversy.  See University of Utah v.

United States, 2008 WL 4534179, *7 (D. Utah Oct. 6, 2008) (declining to certify class where "a

superior alternative to class action already exists"). As defendants have pointed out, to the extent plaintiffs are seeking damages based on a theory of wrongful foreclosure, the amounts in controversy are large enough to justify individual lawsuits, making such lawsuits a viable alternative to this class action. See Univ. of Utah v. United States, 2008 WL 4534179, *7 (D. Utah Oct. 6, 2008) (declining to certify class where "superior alternative to a class action already exists"). In fact, each of the attorneys representing the named plaintiffs has testified that he has been engaged in "numerous cases to represent parties subject to foreclosure under Utah law." (Second Am. Compl., Exs. 5 & 6.)

Moreover, Rule 23(b)(3) expressly provides that one of the "pertinent" factors to consider with regard to this inquiry is "the extent and nature of any litigation already begun by or against class members." Fed.R.Civ.P. 23(b)(3)(B). In this case, Commonwealth Property Advocates, the present owners of the properties quit-claimed by plaintiffs Watson and Coleman, has brought separate suits for these plaintiffs, represented by proposed class counsel, as has individual plaintiff Lynch. See, e.g., Lynch v. BAC Home Loans Servs. LP, Case No. 2:10cv1085 DB (D. Utah Nov. 2, 2010). In light of these overlapping lawsuits, the court is unable to conclude that a class action is superior to individual cases where the same attorneys have filed individual claims on behalf of these class representatives.

In sum, plaintiffs have not satisfied their Rule 23(b)(3) burden of demonstrating that common questions will predominate over questions affecting only individual members. Instead, it appears that the opposite is true. Similarly, the court is not persuaded that class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.

11

## CONCLUSION

Plaintiffs' motion for class certification fails to satisfy the pleading standards necessary to

establish the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Accordingly,

plaintiffs' motion to certify class action is DENIED.  In reaching this conclusion the court also

DENIES defendants' motion to strike plaintiffs' reply to motion for certification of class, and the

court GRANTS defendants' motion for leave to file a surreply.

DATED this 16th day of April, 2012.

_____

Dee Benson
United States District Judge